United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK HEIM, | CASE NO. 5:10-cv-03816 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT** |
| v. | |
| THE ESTATE OF DONALD T. HEIM, et. al., | |
| Defendant(s), | [Docket Item No(s). 44, 90] |
| AND RELATED CLAIMS. | |

Within this case arising primarily under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), presently before the court is the Motion of Defendants Multimatic LLC and The Kirrberg Corporation (collectively, "Defendants") seeking two forms of relief: (1) a dismissal under Federal Rule of Civil Procedure 12(b)(6) of Multimatic Dry Cleaning Machine Corporation and Multimatic Corporation as named defendants in this action, and (2) a more definite statement under Federal Rule of Civil Procedure 12(e) as to the use of the terms "instruct" and "instructed." See Docket Item No. 90. Maxine Heim and Mark Heim (collectively, "the Heims") join in a written opposition to the Motion. For the reasons explained below, Defendants' Motion will be granted in part and denied in part.

## I. BACKGROUND

The Heims each owned at various times real property located in Watsonville, California, upon which the Heim family operated a dry cleaning business. See Mark Heim's First Amended Compl. ("FAC"), Docket Item No. 64, at ¶ 22; see also Maxine Heim's Second Amended Third Party Compl. ("SATPC"), Docket Item No. 63, at ¶ 21. This action and its related claims arise "out of the environmental contamination at and around" that property. See FAC, at ¶ 1. The Regional Water Quality Control Board has named the Heims as responsible parties for environmental clean-up at the property. See id., at ¶ 24; see also SATPC, at ¶ 22. Mark Heim then initiated this proceeding against various defendants, which now includes Maxine Heim, Multimatic Dry Cleaning Machine Corporation, Multimatic Corporation, and The Kirrberg Corporation, seeking contribution and recovery of costs associated with remedying the contamination pursuant to CERCLA and other state statutory and common law theories. See FAC. For her part, Maxine Heim filed a third party complaint against the same corporate defendants. See SATPC. The Heims allege that these corporate defendants instructed them to dispose of contaminated wastewater "down the drain" and into the municipal sewer system. See FAC, at ¶ 28; see SATPC, at ¶¶ 58, 59, 61, 62, 64.

After one full round of amended pleadings, the instant motion followed.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the

speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

Capacity to sue or be sued can be properly challenged by a motion under Rule 12(b)(6). De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 878 (9th Cir. 2000).

### B. Federal Rule of Civil Procedure 12(e)

In conjunction with or as an alternative to a motion under Rule 12(b)(6), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Whether to grant a Rule 12(e) motion is within the discretion of the trial court." Babb v. Bridgestone/Firestone, 861 F. Supp. 50, 52 (M.D. Tenn. 1993). Such motions are generally disfavored considering the liberal pleading standard, and "should not be granted unless the defendant cannot frame a responsive pleading." See Falamore, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981) (citing Boxall v. Sequoia Union High School Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979)).

### III. DISCUSSION

Defendants first argue under Rule 12(b)(6) that Multimatic Dry Cleaning Machine Corporation is not a proper named party because it no longer exists, having been merged into Multimatic Corporation in 1991. Defendants similarly argue that Multimatic Corporation is

3
CASE NO. 5:10-cv-03816 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

1  improperly named in this action because it changed its name to The Kirrberg Corporation in 2004.
2  The court agrees with Defendants that these parties should be dismissed.

3  Defendants also contend under Rule 12(e) that the Heims must provide a more definite
4  statement as to their use of the terms "instruct" and "instructed." On this point, the court disagrees
5  with Defendants.

### A. The Merger Between Multimatic Dry Cleaning Machine Corporation and Multimatic Corporation

Whether Multimatic Dry Cleaning Machine Corporation has been properly named after its merger with Multimatic Corporation is a question of capacity to be sued. "Capacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized . . . ." Fed. R. Civ. Proc. 17(b)(2). Tied into this determination is an another issue of state law: whether Multimatic Dry Cleaning Machine Corporation still exists as a viable entity. As to state law matters, the federal court must follow the choice of law rules of the state in which it sits. Paracor Fin. Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1164 (9th Cir. 1996). This is true even if, as here, jurisdiction stems from the presence of a federal question. See SEC v. Elmas Trading Corp., 683 F. Supp. 743, 748 (D. Nev. 1987).

In California, "the continuing legal existence of a corporation depends on the law of the state of incorporation." CM Record Corp. v. MCA Records, Inc., 168 Cal. App. 3d 965, 967 (1985). Multimatic Dry Cleaning Machine Corporation was incorporated under the laws of New York. See Req. for Judicial Notice ("RJN"), Docket Item No. 90, at Ex. B.[1] According to New York corporate merger law, "[t]he surviving or consolidated corporation shall assume and be liable for all the liabilities, obligations and penalties of each of the constituent [or merged] entities." N.Y. Bus. Corp. Law § 906 (Consol. 2012). Upon the completion of a merger, "'the absorbed corporation immediately ceases to exist as a separate entity, and may no longer be a named party in litigation.'" Westside Fed. Sav. & Loan Assn. of N.Y. City v. Fitzgerald, 524 N.Y.S.2d 54, 55 (1988) (quoting Sheldon v. Kimberly-Clark Corp., 482 N.Y.S.2d 867, 869 (1984)). A nonexistent corporate entity

---

[1] Defendants' RJN is GRANTED in its entirety. See Docket Item No. 90.

4
CASE NO. 5:10-cv-03816 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

cannot "acquire rights by contract or otherwise, incur debts or other liabilities either in contract or tort, sue or be sued." Kiamesha Dev. Corp. v Guild Props., 175 N.Y.S.2d 63, 71 (internal quotations and citation omitted).

Here, the documents provided by Defendants establish that Multimatic Dry Cleaning Machine Corporation merged into Multimatic Corporation in 1991. See RJN, at Ex. A. Indeed, the Heims recognize the merger in their respective pleadings. See SATPC, at ¶ 24 ("From its formation until it merged into Multimatic Corporation in 1991, Multimatic designed, manufactured, formulated, packaged, distributed, sold and installed dry cleaning machines, as well as parts and products affiliated with the dry cleaning process."); see FAC, at ¶ 29. It is therefore undisputed that an *actual merger*, as opposed to some other form of corporate acquisition, occurred between the two Multimatic entities.

The Heims suggest that allegations detailing de facto merger theory of liability support Multimatic Dry Cleaning Machine Corporation's presence in this case. But in light of the parties' agreement that an actual merger occurred, resort to a theory of de facto merger is unnecessary because Multimatic Corporation assumed Multimatic Dry Cleaning Machine Corporation's liabilities and obligations as part of the merger under both California and New York law. See Cal. Corp. Code § 1107 ("Upon merger pursuant to this chapter the separate existence of the disappearing corporations ceases and the surviving corporation shall succeed, without other transfer, to all the rights and property of each of the disappearing corporations and shall be subject to all the debts and liabilities of each in the same manner as if the surviving corporation had itself incurred them."); see also N.Y. Bus. Corp. Law § 906 (Consol. 2012). The de facto merger doctrine would only be applicable to these facts if the Multimatic entities attempted to characterize the acquisition as something other than a merger. See Marks v. Minnesota Mining & Mfg. Co., 187 Cal. App. 3d 1429, 1436 (1986) ("Courts have described five factors which indicate whether a transaction cast in the form of an asset sale actually achieves the same practical result as a merger . . . ."); see also Fitzgerald v. Fahnestock & Co., Inc., 730 N.Y.S.2d 70, 71-72 ("The de facto merger doctrine creates an exception to the general principle that an acquiring corporation does not become responsible

CASE NO. 5:10-cv-03816 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

thereby for the pre-existing liabilities of the acquired corporation."); see also Schumacher v. Richards Shear Co., 59 N.Y.2d 239, 244 (1983) ("A corporation may be held liable for the torts of its predecessor if . . . there was a consolidation or merger of seller and purchaser . . . .").

Pursuant to applicable New York authority and under the facts as they currently stand, Multimatic Dry Cleaning Machine Corporation ceased to exist upon completion of the merger in 1991. See Westside, 524 N.Y.S.2d at 55. It cannot now be sued in its pre-merger form. See Kiamesha, 175 N.Y.S.2d at 71. Accordingly, it must be dismissed as a party to the FAC and the SATPC without prejudice.

**B.     The Name Change from Multimatic Corporation to The Kirrberg Corporation**

Whether Multimatic Corporation is a proper party subsequent to its name change to The Kirrberg Corporation must be resolved under New Jersey law. See SATPC, at ¶ 7 ("Third Party Defendant Multimatic Corporation . . . is a New Jersey corporation . . . ."); see also RJN, at Ex. A ("The name of the surviving corporation shall be Multimatic Corporation, and it shall be governed by the laws of the State of New Jersey.").

Approaching this issue logically, a change in corporate name which results in no other changes to the original corporation should theoretically have no effect on the corporation's subsequent liability for activities undertaken under its former name. This is because the corporation itself still exists; it is simply known by another name. And for that reason, there is no need to sue the same corporation twice in the one lawsuit - once by its former name and once by its current name. The law as it is in New Jersey appears to track this commonsense notion. See Wilson v. Fare Well Corp., 140 N.J. Super. 476, 491 (1976) ("A corporation cannot disable itself from responding to liability by changing its name or distributing all its assets."); see also Arevalo v. Saginaw Mach. Sys., Inc., 344 N.J. Super. 490, 499 (2001) ("Similarly, the several corporate name changes post-bankruptcy did not shield Wickes from liability or prevent plaintiff from seeking recourse against it as the original manufacturer."). The same is true in California. See Mut. Bldg. & Loan Ass'n of Long Beach v. Corum, 220 Cal. 282, (1934) ("[A] change in name does not affect the identity of a corporation . . . .")

6
CASE NO. 5:10-cv-03816 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

In this case, the fact that Multimatic Corporation changed its name to The Kirrberg Corporation before the commencement of this lawsuit is undisputed. See SATPC, at ¶ 46 ("On or about June 24, 2004, Multimatic Corp. changed its name to Kirrberg."); see also RJN, at Ex. C. As a result, it is similarly undisputed that Multimatic Corporation and The Kirrberg Corporation are really the same corporate entity responsible for its own liabilities and obligations no matter the moniker in effect at any particular time. Because the Heims can pursue an alter ego theory of liability, or any theory for that matter, against The Kirrberg Corporation for conduct which occurred while it was known by another name, Multimatic Corporation must also be dismissed as a party to the FAC and SATPC without prejudice.

### C. The Use of the Terms "Instruct" and "Instructed"

Defendants seek a more definite statement from the Heims as to their use of the terms "instruct" in the FAC and the SATPC. See, e.g., FAC, at ¶ 28 ("The method of disposal mandated by design and instruction of this equipment resulted in environmental contamination at and near the Property because wastewater containing PCE produced by the machine was directed to the drain."); see also SATPC, at ¶ 58 ("Multimatic instructed Third Party Plaintiffs how to dispose of wastewater contaminated with PCE, the production of which was an unavoidable result of proper use of the M22.").

While the court understands Defendants' reliance on Team Enters., LLC v. W. Inv. Real Estate Trust, 647 F.3d 901 (9th Cir. 2011), the court does not find it controlling at this stage of the case. The terms "instruct" and "instructed" are not so vague and ambiguous so as to render the pleadings incapable of response, especially when read within the entire FAC and SATPC. See Beery v. Hitachi Home Elecs. (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993) ("A motion for more definite statement pursuant to Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail, and therefore, a court will deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted."). Moreover, a more exact definition of the terms as used is capable of clarification through discovery. See id. ("If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied."). Defendants' motion for a more definite statement will therefore be denied.

7
CASE NO. 5:10-cv-03816 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

**United States District Court**
For the Northern District of California

## IV. ORDER

Based on the foregoing, Defendant's Motion (Docket Item No. 90) is GRANTED IN PART AND DENIED IN PART as follows:

1. Defendants' motion under Rule 12(b)(6) is GRANTED. Multimatic Dry Cleaning Machine Corporation and Multimatic Corporation are dismissed without prejudice from Mark Heim's FAC and Maxine Heim's SATPC. Any amended pleading must be filed within 30 days of the date this Order is filed.

2. Defendants' motion under Rule 12(e) is DENIED.

Defendants' previously filed Motion (Docket Item No. 44) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: March 23, 2012



EDWARD J. DAVILA
United States District Judge

8
CASE NO. 5:10-cv-03816 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT