United States District Court
Northern District of California

1

2

3

4

5

6

7                                    NOT FOR CITATION

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                                   SAN JOSE DIVISION

11

12     MARK HEIM,                              Case No.   5:10-CV-03816 EJD (HRL)

                    Plaintiff,
13                                             **ORDER ON DISCOVERY DISPUTE
            v.                                 JOINT REPORT NO. 1**
14
                                               [Re:   Dkt. No. 199]
       THE ESTATE OF DONALD HEIM,
15     MAXINE HEIM, and CITY OF
       WATSONVILLE,
16
                    Defendants.
17
       RELATED CROSS AND COUNTER-
18     CLAIMS

19          This suit arises out of environmental contamination of plaintiff's real property located at

20     1350 Freedom Boulevard in Watsonville, California.  A dry cleaning business is (or, was)

21     operating at the property for a number of years, and certain toxic chemicals used in the cleaning

22     process apparently seeped into the soil.  Plaintiff Mark Heim, the current owner, sued the former

23     owners, Maxine Heim and the Estate of Donald Heim (hereafter, "the Heims"), as well as the City

24     of Watsonville (the City is sued on the theory that its sewers leaked and contributed to the

25     contaminating plume).  The Heims sued manufacturers of the cleaning equipment.  The City filed

26     counterclaims, a cross-complaint, and a third party complaint against plaintiff, the Heims, and

27     another former owner.

28          Although not a party to the suit, the court is told that the Regional Water Quality Control

United States District Court
Northern District of California

1    Board ("RWQCB") is the regulatory agency overseeing the investigation and cleanup of the

2    property; and, at some point in time, it demanded information from the City about its sewers and

3    issued a cleanup order to Mark Heim.  This court infers that the big questions in this lawsuit are:

4    what remediation (if any) is necessary and, if so, who is going to pay for it?

5           The Heims and the City failed to reach agreement on a discovery issue and submitted

6    Discovery Dispute Joint Report #1, which this court now addresses.

7           The Heims' lawyer hired West Environmental Services and Technology ("West") to write

8    a report.  The report, dated March 2012, is titled "Soil Vapor Characterization Report."  It charts

9    soil vapor sampling of the ground around 1350 Freedom Boulevard in 2006, 2008, and 2009.

10   Further, it says West sought and obtained approval from the RWQCB for further sampling, which

11   occurred in June 2011 and January 2012.  The report presented West's findings and recommended

12   additional work.  Copies of the report were sent to the RWQCB and to the County of Santa Cruz

13   Department of Environmental Health.

14          In response to the RWQCB abatement order, West submitted another report in December

15   2012, titled "Feasibility Study."  This one evaluated "remedial alternatives to address total volatile

16   organic compounds (VOCs) in soil, soil gas and groundwater near 1350 Freedom Boulevard . . .."

17   This report also went to the RWQCB and Santa Cruz County.

18          The attorney for the City had retained the firm of Weber Hayes & Associates ("Weber

19   Hayes") as expert consultants.  This firm's area of expertise is not clear.  In any event, Weber

20   Hayes recommended the hiring of two experts, one a toxicologist and the other a hydrogeologist,

21   to "assess the West Reports."  This was done, and the result is what the disputants refer to as the

22   "Copeland report."  (The toxicologist was Teri Copeland of Copeland & Associates and the

23   hydrogeologist, Jim Van de Water, was a subcontractor hired by Copeland.)

24          The Copeland report was submitted to the RWQCB.

25          The Copeland report concluded that the West reports were wrong.  They reached the

26   wrong conclusions because they used "faulty input parameters" which resulted in an erroneous

27   vapor intrusion assessment.  Copeland revised the vapor intrusion assessment, and the result, so

28   says the report, shows that the potential risks from the contaminants are within ranges established

2

1    by regulatory agencies.  (To the court, this sounds like a fancy way of saying no remediation was

2    necessary?)

3            Now, to the discovery dispute.  The time for designating expert witnesses for trial has not

4    yet arrived.  Nonetheless, the Heims served a Fed. R. Civ. P. 30(b)(6) deposition subpoena and

5    document request on Copeland to probe beneath the Copeland report.  Not so fast, says the City,

6    Copeland may or may not become a testifying expert, but she has not yet been named as such.

7    She is, at this point, an expert consultant and protected from deposition under Fed. R. Civ. P.

8    26(b)(4)(D).[1]

9            It is not entirely clear that the Copeland report was prepared at the behest of the City's

10   litigation attorney for his use in defending the litigation.  Even if it was, or was in part, it was also

11   meant for the RWQCB to discredit the West reports and to inform and influence the regulatory

12   agency that, while not a party, appears to be an important player in the resolution of the lawsuit.

13           Yes, if Copeland is named a testifying expert, then the Heims could certainly depose her

14   and dig into the report and its underpinnings.  But, posits the Heims, suppose she is not retained to

15   testify?  What if witnesses from the RWQCB testify as experts and rely, as they are allowed, on

16   "reliable" hearsay, such as the Copeland report?  If that happened, they would never get to

17   challenge the report.

18           The City's authorities are inconclusive and its argument unpersuasive.  In this somewhat

19   unique situation, the court concludes that Copeland is not solely a consulting expert and is not, at

20   least as to the report, exempt from deposition.  Even so, the document requests are too broad.  The

21   Heims may depose a Copeland Fed. R. Civ. P. 30(b)(6) witness for 3.5 hours, and the witness shall

22   produce documents showing the credentials of the drafters of the report as well as the data and

23   calculations relied upon in its preparation.  The deposition shall take place before the

_____

[1] This rule provides:  "Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.  But a party may do so only:  (i) as provided in Rule 35(b); or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."

United States District Court
Northern District of California

1    January 31, 2014 close of fact discovery.

2          **SO ORDERED**.

3    Dated:   January 7, 2014

4    _____
     HOWARD R. LLOYD
5    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4

5:10-cv-03816-EJD Notice has been electronically mailed to:

Ani Adjemian     aadjemian@dlflawyers.com, egomez@dlflawyers.com

Jan Adam Greben     jan@grebenlaw.com, brett@grebenlaw.com, carey@grebenlaw.com,
christine@grebenlaw.com, vanessa@grebenlaw.com

Martin Robert Deutsch     deutschlaw@msn.com

Rebecca Ann Weinstein-Hamilton     rhamilton@cddlaw.com, emcnamara@cddlaw.com,
jdonahue@cddlaw.com, mmyers@cddlaw.com

Robert N. Berg     rberg@mrllp.com, scandy@mrllp.com

Robin James     rjames@mrllp.com, scandy@mrllp.com

Stephanie Montano     smontano@dlflawyers.com, egomez@dlflawyers.com

Thomas F. Vandenburg     tvandenburg@dlflawyers.com, sdouglas@dlflawyers.com

Valerie Marie Roach     vmroach@walshroachlaw.com

William David Wick     bwick@ww-envlaw.com, anguyen@ww-envlaw.com, carolebert@ww-envlaw.com

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5