UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK HEIM,<br><br>    Plaintiff,<br><br>    v.<br><br>THE ESTATE OF DONALD T. HEIM, MAXINE HEIM and CITY OF WATSONVILLE<br><br>    Defendants. | Case No. 5:10-cv-03816-EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2**<br><br>Re: Dkt. No. 254 |
| RELATED CROSS AND COUNTER-CLAIMS | |

This suit arises out of environmental contamination of plaintiff's real property located at 1350 Freedom Boulevard in Watsonville, California. A dry cleaning business is (or, was) operating at the property for a number of years, and certain toxic chemicals used in the cleaning process apparently seeped into the soil. Plaintiff Mark Heim, the current owner, sued the former owners, Maxine Heim and the Estate of Donald Heim (hereafter, "the Heim defendants"), as well as the City of Watsonville (City). The City is sued on the theory that its sewers leaked and contributed to the contaminating plume.

Discovery Dispute Joint Report (DDJR) No. 2 concerns a disagreement between the City and the Heim defendants over the City's tardy production of several sewer videos taken in 1995

(hereafter, the "1995 videos").[1] The condition of the City's sewers during this period is relevant. The City says that the Heim defendants illegally dumped contaminants into sewer drains. The Heim defendants contend that the City's sewers in the particular areas depicted in the videos contributed to the contamination.

In discovery, the Heim defendants propounded several requests that called for sewer videos. The City produced responsive materials, but maintained throughout discovery that it did not have the requested videos. This court is told that the City's Fed. R. Civ. P. 26 disclosure did not refer to the videos, the City's Fed. R. Civ. P. 30(b)(6) designee testified that the City did not have them, and the City's verified written responses confirmed the same.

Fact discovery closed on February 27, 2015.[2]

The parties then disclosed their experts with reports by the court-ordered March 27, 2015 deadline. The Heim defendants' expert, Peter Krasnoff, opined about the 1995 condition of the sewers. In forming that opinion, the Heim defendants say that Krasnoff had to rely on other evidence because of the City's representations that the 1995 videos did not exist.

It is unclear precisely when the City found the videos, but DDJR No. 2 suggests that they were discovered sometime in late April 2015, approximately two months after fact discovery closed and one month after opening expert reports were exchanged. (See DDJR No. 2 at 3:3 and 7:7). According to the City, one of its employees found the videos among some safety tapes in a file cabinet in an old building that has not been used for decades. The record is silent as to why that employee happened to be there looking through those files. Nevertheless, the videos were found there; and, as noted above, the videos included not just the 1995 footage, but also four 1992 sewer videos.

Meanwhile, the parties prepared for the May 15, 2015 deadline for the designation of

---

[1] The subject 1995 videos include a September 13, 1995 video from Laurel to Broadis Street; a September 14, 1995 video from Sycamore to Laurel Street; and a September 14, 1995 video from Martinelli to Sycamore Street. The City's production also included several sewer videos taken in 1992. As discussed more fully below, the City has voluntarily agreed not to use the 1992 videos.

[2] Although the deadline for filing DDJRs passed months ago, the instant DDJR is actually a request for discovery sanctions based on the City's tardy production last month.

1  rebuttal experts with reports.  Although the videos indisputably are relevant and responsive to the
2  Heim defendants' fact discovery requests, the City did not produce them right away.  On this
3  record, it is unclear whether the City even said anything to the Heim defendants upon finding
4  them.  Instead, it seems that the City had all of the videos (which were on VHS tapes) converted to
5  DVD format and provided them to the City's expert, Paul Causey, on May 9.  Causey used the
6  videos to rebut Krasnoff's opinion about the sewer condition.  The record indicates that it wasn't
7  until Causey's rebuttal expert report was served on May 15, 2015 that the Heim defendants
8  learned that the videos had been found.  And, the City did not actually produce the videos to the
9  Heim defendants until a few weeks later on June 5, via a "Supplemental Disclosure."  The Heim
10 defendants say that they did not receive the videos in the mail until June 8.

11  Not surprisingly, the present dispute then erupted over the City's tardy disclosure and
12 production.  The City says that when it realized that the 1992 videos had not been produced in
13 discovery, it voluntarily agreed not to use them.  Nevertheless, although the 1995 videos had also
14 not been produced in discovery, the City insists on using them to support its claims and defenses.

15  Pursuant to Fed. R. Civ. P. 37, the Heim defendants now seek an order precluding the City
16 from using the 1995 videos as a discovery sanction for the belated disclosure and production.  In
17 their view, the City either never bothered to conduct a reasonable search for the videos in
18 discovery, or the City deliberately stalled on looking for them until it realized it needed them to
19 rebut Krasnoff's opinion.  Compounding the problem, says the Heim defendants, is the fact that
20 the City gave the videos to Causey on May 9, but waited another month before producing them to
21 the Heim defendants.  The City denies that it purposefully hid or withheld the 1995 videos.  The
22 City maintains that it conducted a diligent search for the videos in discovery, but claims that they
23 were not stored where other sewer videos were located and were eventually found in a place that
24 the City would not have reasonably thought to search for them.

25  The matter is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).
26 Upon consideration of the parties' respective arguments, this court denies the Heim defendants'
27 request for exclusion sanctions, but will order the City to pay for the Heim defendants' attorneys'
28 fees, Krasnoff's fees, and other expenses reasonably incurred in the preparation of another

Krasnoff report and in a further deposition of the City.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also Yeti By Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). In addition to, or instead of, the sanction of exclusion, the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure"; "may inform the jury of the party's failure"; and "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1)(A)-(C). Rule 37(c)(1) is a recognized broadening of the court's sanctioning power, and exclusion may be an appropriate remedy even where there is no showing of bad faith or willfulness. Yeti By Molly, Ltd., 259 F.3d at 1106. The party facing sanctions bears the burden of proving harmlessness. Id. at 1107.

The City insists that the belated disclosure of the 1995 videos is substantially justified because the tapes were located in an unexpected place where no one would have thought to look. The Heim defendants remain skeptical of that explanation. On the record presented, however, this court can find no clear reason to reject it. But, even accepting the City's explanation as true, that only addresses why the videos were not produced during fact discovery. It does not explain why, once it found the videos, the City gave them to Causey, but delayed disclosure to the Heim defendants until May 15 (when rebuttal reports were exchanged) and further delayed production to the Heim defendants for several more weeks thereafter. The City offers no explanation. The videos are indisputably relevant and responsive to the Heim defendants' requests propounded in fact discovery. Crediting as true the City's suggestion that it first found the videos in late April 2015, the City certainly knew by then about Krasnoff's opinion concerning the 1995 condition of the sewers. The City also knew that, based on its representations made in fact discovery, the Heim defendants were under the impression that the videos did not exist. Absent any other explanation, the record suggests that the City deliberately delayed disclosure of the videos in order to sandbag the Heim defendants with respect to expert disclosures. Such conduct more than smacks of gamesmanship and is hardly in keeping with the City's Fed. R. Civ. P. 26(e) obligation to timely

4

supplement or correct prior incomplete or incorrect discovery disclosures and responses. The City's belated disclosure and production of the 1995 videos was not substantially justified.

The City's only other means of avoiding exclusion is to prove that the tardy disclosure is harmless. The City argues that any prejudice to the Heim defendants can be remedied by permitting Krasnoff to submit an amended or supplemental report and by allowing the Heim defendants to depose the City's Fed. R. Civ. P. 30(b)(6) witness on foundational issues. Although expert discovery closed on June 30, 2015, the City says that the parties have agreed between themselves to conduct expert depositions beyond the cutoff date. The City is willing to postpone Krasnoff's deposition until after he submits his amended or supplemental report.[3] Additionally, the City points out that trial is not set to begin until later this fall on November 9, 2015.

The Heim defendants contend that the City's belated disclosure is not harmless. Much of their arguments, however, consist of their theories about why the City did what it did and do not address the harmlessness issue. The Heim defendants further argue that the City's conduct cannot be remedied by further fact discovery because fact discovery has already closed. But, it is not apparent to this court that the City is proposing further fact discovery, apart from what may be a relatively brief further Fed. R. Civ. P. 30(b)(6) deposition of the City about the videos. And, the Heim defendants' argument does not address the City's contention that there still is time for that deposition and for Krasnoff to submit a supplemental report. Citing <u>Tenbarge v. Ames Taping Sys., Inc.</u>, 190 F.3d 862, 865 (8th Cir. 1999), the Heim defendants nevertheless maintain that a supplemental report will do no good because such reports can only be used to rectify incorrect or incomplete information. <u>Tenbarge</u>, however, is distinguishable in that it concerned an expert whose opinions expressed in deposition completely changed at trial and the sponsoring party's failure to supplement that expert's disclosure prior to trial. The present dispute does not concern anyone's failure to disclose or supplement its expert's opinions, but rather, the City's failure to timely supplement its responses to requests propounded in fact discovery. The Heim defendants

---

[3] Krasnoff's deposition apparently was set for July 21, 2015. This court does not know whether the parties proceeded with his deposition on that date, notwithstanding the pendency of this discovery dispute.

5

also express concern that the City will try to discredit Krasnoff, stating that "[a]dditional discovery cannot undo Mr. Krasnoff's opinions developed without this evidence . . .." (DDJR No. 2 at 6). But, the City's proposed remedy will give Krasnoff a chance to supplement his opinion based on the videos. And, in any event, this court will grant the Heim defendants' alternate request for relief to preclude the City from referring to Krasnoff's prior opinions about the sewer condition formed without the benefit of the videos.

The docket indicates that the parties are now briefing summary judgment motions. The Heim defendants argue that the extra work involved in a further Krasnoff report and City deposition is not ideal, given the pendency of other deadlines. No one, however, says that permitting a further Krasnoff report and City deposition will derail or delay this case or cause any disruption in Judge Davila's scheduling order.

Although unimpressed by the City's delayed disclosure and production of the videos, this court concludes that while the City's conduct did prejudice the Heim defendants, the harm caused can be cured short of exclusion sanctions as follows:   Krasnoff will be permitted to prepare an amended or supplemental report based on the subject videos, and the Heim defendants will be allowed to depose the City about the videos. Additionally, the City shall bear the Heim defendants' costs reasonably incurred in these efforts, including Krasnoff's fees, the court reporter's fees, any necessary copying and mailing expenses, and attorneys' fees for the time the Heim defendants' counsel reasonably spends preparing for, traveling to/from, and taking a further deposition of the City.

Since this court is allowing use of the 1995 videos, the Heim defendants request that use of the 1992 sewer videos also be permitted so that the matter can be placed in context. There being no objection by the City, that request is granted.

Finally, the Heim defendants request that the City be prohibited from referring to prior expert opinions formed without the sewer videos. The City apparently is indifferent whether Krasnoff prepares an amended opinion or a further rebuttal opinion. (See DDJR No. 2 at 11). Accordingly, this request is also granted as to any prior opinions, formed without the benefit of the subject videos, about the condition of the sewers.

6

1   Based on the foregoing, the court denies the Heim defendants' request for the sanction of
2   exclusion. However, the Heim defendants are invited to file a letter brief (no more than 3 pages)
3   and detailed declaration(s) (1) itemizing with particularity the fees and expenses incurred in
4   connection with the preparation of another Krasnoff report and a further deposition of the City;
5   and (2) setting forth an appropriate justification for any attorney-fee hourly rate claimed. These
6   papers shall be filed within 7 days after completion of Krasnoff's amended/supplemental report or
7   completion of the further deposition of the City, whichever is later. The City may file a
8   responsive letter brief (no more than 3 pages) and any necessary declaration(s). Any such
9   responsive papers must be filed within 7 days after the Heim defendants' letter brief and
10  declaration(s) are filed. Unless this court orders otherwise, the letter briefs and declaration(s) will
11  be taken under submission without oral argument.

    SO ORDERED.

Dated:   July 29, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:10-cv-03816-EJD Notice has been electronically mailed to:

Ani Adjemian     aadjemian@dlflawyers.com, gparacha@dlflawyers.com

Jan Adam Greben     jan@grebenlaw.com, christine@grebenlaw.com, hunter@grebenlaw.com, mara@grebenlaw.com

Martin Robert Deutsch     deutschlaw@msn.com

Rebecca Ann Weinstein-Hamilton     rhamilton@cddlaw.com, emcnamara@cddlaw.com, jdonahue@cddlaw.com, mmyers@cddlaw.com

Robert N. Berg     rberg@mrllp.com, scandy@mrllp.com

Robin James     rjames@mrllp.com, scandy@mrllp.com

Stephanie Montano     smontano@dlflawyers.com, egomez@dlflawyers.com

Thomas F. Vandenburg     tvandenburg@dlflawyers.com, sdouglas@dlflawyers.com

Valerie Marie Roach     vmroach@walshroachlaw.com

William David Wick     bwick@ww-envlaw.com, anguyen@ww-envlaw.com, carolebert@ww-envlaw.com